Jessie YOUNG et al., Appellants,

v.

WESTERN WORLD INSURANCE COMPANY, INC., KEENE, NEW HAMPSHIRE, Appellee.

Court of Appeals of Tennessee, Western Section.

June 24, 1976.

Certiorari Denied by Supreme Court Oct. 18, 1976.

H. Morris Denton, Bolivar, for appellants.

Jerry D. Kizer, Jr., Jackson, for appellee.

NEARN, Judge.

Plaintiffs who are the owners and mortgagees of certain real property sued to recover under the terms of a fire insurance policy. At the close of plaintiffs' proof the Trial Judge withdrew the matter from the jury and directed a verdict for the defendant insuror.

The policy issued by the defendant and paid for by the plaintiff-owner insured against loss by fire a "frame building occupied as nightclub situated Highway 125, 1 mile North of Middleton, Tennessee." The premises burned to the ground on October 31, 1973. The insuror refused to pay any amount of the policy—either to the owner or the mortgagees named in the policy, and this suit resulted.

The insuror, in its pleadings, raised as a defense the policy provision that there was no coverage "while a described building . . . is vacant or unoccupied beyond a period of sixty consecutive days."

The Assignment of Error is that the Trial Judge erred in directing a verdict for the defendant at the close of plaintiffs' proof.

The Assignment of Error is well made and will be sustained.

The plaintiff-owner testified that when he purchased the premises the intended use of the building was as a nightclub and that beer would be sold on the premises. Upon purchase, he immediately applied for a beer license but learned that the previous occupant of the building had lost his permit to sell beer because of a violation of the rules and regulations of the beer board. He further learned that there was a required waiting period before a new owner could obtain a beer permit. The premises were purchased by the plaintiff-owner on March 19, 1973, and the beer board required waiting period expired in January of 1974. The plaintiff-owner decided to wait out the suspension or waiting period. During the interim plaintiff-owner turned over the key to the premises to the chief of police with permission to use the premises as a teenage dance hall and amusement center. The premises were then principally so used on weekends. The premises contained soft drink machines, dancing facilities and coin-operated machines of amusement. The premises ceased to be so used about a month and one half prior to the fire.

■ Viewing the proof in the light most favorable to the plaintiff as we are required to do in matters such as this, *Goings v. Aetna Casualty and Surety Company* (1972 Tenn.App., W.S.) 491 S.W.2d 847, we believe the plaintiff had made out a *prima facie* case.

■ Counsel for appellee however argues that mere casual or infrequent visiting of the premises does not constitute occupancy as to defeat the meaning of the term "unoccupied" as used in the policy. The case of *Cashen v. Camden Fire Ins. Ass'n* (1961 E.S.) 48 Tenn.App. 470, 348 S.W.2d 883, is strongly relied upon as supportive of this argument and the action of the Trial Court in directing a verdict at the close of plaintiffs' proof.

In the *Cashen* case, supra, the Court of Appeals held that "whether the use actually made of a building constitutes 'occupancy' depends upon the nature and character of the building, the purposes for which it is designed, and the use contemplated by the parties as expressed in the insurance contract." In that case, the insured building had been padlocked by Court order and had not been "occupied as a restaurant" as provided in the policy for 113 consecutive days. The uncontradicted proof in that case was that the premises had not been used for anything remotely resembling restaurant usage for those 113 days. The only use put to the building was to store tools used by Cashen in working land in the vicinity.

We believe the facts of *Cashen*, supra, are a far cry from the facts now before us—and facts are what determine the propriety of granting a directed verdict. In *Cashen*, supra, the Court found that the undisputed facts showed the premises were used as a tool shed for 113 days instead of a restaurant, and the exclusionary clause of that policy as a matter of law must therefore apply.

From the proof presented in this case we are unable to say as a matter of law that within the meaning of the policy the building was (a) not used as a nightclub and (b) was unoccupied for sixty consecutive days.

Since the defendant was not required to put on any evidence before the verdict was directed, we feel constrained to note that the burden of proving the averred defense is upon the defendant.

The judgment below is reversed and the cause remanded for a new trial. Costs of the appeal are adjudged against the appellee.

CARNEY, P. J., and MATHERNE, J., concur.